```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                           :
   UNITED STATES OF AMERICA                :    Sealed Indictment
                                           :
           - v. -                          :    S1 23 Cr. 468
                                           :
   DWAYNE JOHNSON,                         :
   JESSICA FRANCIS,                        :
   LORI COONEY, and                        :
   TERESA SANTINI                          :
                                           :
                       Defendants.         :
------------------------------------------------------------ X
```

## COUNT ONE
### (Narcotics Conspiracy)

The Grand Jury charges:

1. Between in or about October 2016 until on or about May 24, 2023, in the Southern District of New York and elsewhere, DWAYNE JOHNSON and JESSICA FRANCIS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DWAYNE JOHNSON and JESSICA FRANCIS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 1,000 kilograms and more of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).)

## COUNT TWO

(Possession of a Short-Barreled Rifle in Furtherance of Drug Trafficking)

The Grand Jury further charges:

4. Between in or about at least June 2022 until on or about May 24, 2023, in the Southern District of New York and elsewhere, DWAYNE JOHNSON, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried multiple short-barreled rifles, to wit, (1) a black, CMMG, model MK-4 5.7 mm short-barreled rifle ("Firearm-1"); (2) a black DPMS, model A15, .223 caliber short-barreled rifle ("Firearm-2"); and (3) a grey, Imperial Arms, model Effen 90, 5.7 mm short-barreled rifle ("Firearm-3"), and in furtherance of such crime, possessed short-barreled rifles, and aided and abetted the use, carrying, and possession of short-barreled rifles.

(Title 18, United States Code, Sections 924(c)(1)(A) and (B)(i).)

## COUNT THREE

(Unlawful Possession of Firearms and Ammunition)

The Grand Jury further charges:

5. Between in or about 2018 to on or about May 24, 2023, in the Southern District of New York, DWAYNE JOHNSON, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess firearms and ammunition, to wit, (1) Firearm-1; (2) Firearm-2; (3) Firearm-3; (4) a Magnum Research, model Desert Eagle, .357 Mangum pistol ("Firearm-4"); (5) an FN Herstal, model Five Seven, 5.7 mm

pistol ("Firearm-5"); (6) an HS Produkt, model Hellcat, 9 mm pistol ("Firearm-6"); (7) a Kahr, model P40, .40 caliber pistol ("Firearm-7"); (8) multiple cartridges of FN Herstal brand 5.7mm ammunition; and (9) multiple cartridges of Winchester brand 5.56mm ammunition; among other firearms and ammunition; and the firearms and ammunition were in and affecting interstate commerce.

(Title 18, United States Code, Sections 922(g).)

### COUNT FOUR

(Unlawful Possession of Body Armor)

The Grand Jury further charges:

6. On or about May 24, 2023, in the Southern District of New York, DWAYNE JOHNSON, the defendant, knowingly did purchase, own, and possess a body armor, as that term is defined in Title 18, United States Code, Section 921(a)(35) to wit, a Safe Life Defense Concealable Enhanced Multi-Threat Vest and Hard Rifle Plate, which previously had been shipped and transported in interstate and foreign commerce, after having been convicted of a felony under state law that would constitute a crime of violence if it occurred within the special maritime and territorial jurisdiction of the United States, to wit, a conviction on or about January 26, 1996, in Westchester County Court, of Manslaughter: Recklessly Causes Death, a class C felony, in violation of New York Penal Law Section 125.15(1).

(Title 18, United States Code, Section 931(a)(2).)

## COUNT FIVE

(Unlawful Interstate Transfer of Firearms)

The Grand Jury further charges:

7. Between in or about March 2019 and in or about February 2022, in the Southern District of New York and elsewhere, LORI COONEY and DWAYNE JOHNSON, the defendants, being other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, did transfer, sell, trade, give, transport, and deliver firearms to a person other than a licensed importer, licensed manufacturer, licensed dealer, and licensed collector who the defendants knew or had reasonable cause to believe did not reside in the State in which the other resided, to wit, COONEY, while living in Scranton, Pennsylvania, and JOHNSON, while living in Monticello, New York, did transfer and aid and abet the transfer of (1) Firearm-4; (2) Firearm-5; (3) Firearm-6; (4) Firearm-7; and (5) an FN Herstal, model PS90, 5.7 mm rifle ("Firerm-8") from COONEY's possession to JOHNSON's.

(Title 18, United States Code, Sections 922(a)(5), 924(a)(1), and 2.)

## COUNT SIX

(Firearms Trafficking)

The Grand Jury further charges:

8. Between in or about June 2022 and in or about May 2024, in the Southern District of New York and elsewhere, TERESA SANTINI and DWAYNE JOHNSON, the defendants, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to ship, transport, transfer, cause

to be transported, and otherwise dispose of firearms, to wit: (1) the lower receiver associated with Firearm-1 and (2) the upper received associated with Firearm-3, from SANTINI to JOHNSON in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by JOHNSON would constitute a felony, in violation of Title 18, United States Code Section 922(a)(5) and New York Penal Law Section 265.01-b.

(Title 18, United States Code, Sections 933(a)(3) and 2.)

## COUNT SEVEN

(Unlawful Interstate Transfer of Firearms)

The Grand Jury further charges:

9.  Between at least in or about June 2022 and on or about May 24, 2023, in the Southern District of New York and elsewhere, TERESA SANTINI and DWAYNE JOHNSON, the defendants, being other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, did transfer, sell, trade, give, transport, and deliver firearms to a person other than a licensed importer, licensed manufacturer, licensed dealer, and licensed collector who the defendants knew or had reasonable cause to believe did not reside in the State in which the other resided, to wit, SANTINI, while living in Milford, Pennsylvania, did transfer (1) the lower receiver associated with Firearm-1 and (2) the upper receiver associated with Firearm-3 to DWAYNE JOHNSON, the defendant, from her residence in Milford, Pennsylvania to JOHNSON'S residence in Monticello, New York.

(Title 18, United States Code, Sections 922(a)(5) and 924(a)(1) and 2.)

## FORFEITURE ALLEGATIONS

10. As a result of committing the offense alleged in Count One of this Indictment, DWAYNE JOHNSON, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense, and the following specific property:



- ███████████████████████████
- ███████████████████████████
- ██████████████████████████████████
- ████████████████████████████████████████████████
- ████████████████████████████████████████████████
- ████████████████████████████████████████████████

  1. ███████████████████████████████████
  2. ████████████████████████████████████████
  3. ████████████████████████████████████████



4. ████████████████████
5. ████████████████████
6. ████████████████████
7. ████████████████████
8. ████████████████████
9. ████████████████████
10. ████████████████████
11. ████████████████████
12. ████████████████████

11. As a result of committing the offense alleged in Count One of this Indictment, JESSICA FRANCIS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

12. As a result of committing the offense alleged in Count Four of this Indictment, LORI COONEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

    a. Firearm-4,

    b. Firearm-5

    c. Firearm-6

    d. Firearm-7

    e. Firearm-8

13. As a result of committing the offenses alleged in Counts Five and Six of this Indictment, TERESA SANTINI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

    a. Firearm-1

    b. Firearm-3

14. As a result of committing the offenses alleged in Counts Two and Three of this Indictment, DWAYNE JOHNSON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

    1. Firearm-1

2. Firearm-2
3. Firearm-3
4. Firearm-4
5. Firearm-5
6. Firearm-6
7. Firearm-7
8. Firearm-8
9. Smith & Wesson, model 60, .38 revolver
10. Privately Made Firearm (PMF) with black slide and red frame, 9mm pistol
11. Bushmaster, Carbon-15 .223 rifle
12. Glock, model 21, .45 caliber pistol
13. Polymer 80 PMF, model PF940C, 9mm pistol
14. Smith & Wesson, model 69 Combat Magnum, .44 Magnum caliber revolver
15. SWD, M-11/9, 9mm pistol
16. PMF AR Rifle, model 117 Freedom, 5.56mm rifle
17. Derya Arms, model VR80, 12-gauge shotgun
18. Anderson Manufacturing, model AM-15, .223 caliber rifle
19. Century Arms, model AKMS, 7.62mm rifle
20. Aero Precision, model M5, rifle
21. Ruger, model Super Black Hawk, .44 Magnum revolver
22. Savage, model AXIS, 30-06 caliber rifle

23. Keltec, model KSG, 12-gauge shotgun,

24. Anderson Manufacturing, model AM-15 rifle

25. Remington, model 70 BDL, .308 rifle

26. Smith & Wesson, model 4006, .40 caliber pistol

27. Ruger, model SRC40C, .40 caliber pistol

28. Ruger, model 10/22, .22LR caliber rifle

29. Smith & Wesson, model T/C Arms Venture, .308 caliber rifle

## SUBSTITUTE ASSET PROVISION

15. If any of the above-described forfeitable property, as a result of any act or omission of DWAYNE JOHNSON and JESSICA FRANCIS, the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney