UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

UNITED STATES OF AMERICA          :     Superseding Indictment

                 - v.-                          :     S4 23 Cr. 468 (VB)

DWAYNE JOHNSON,                   :

                 Defendant.            :

------------------------------------------------------------ X

## COUNT ONE
**(Conspiracy to Distribute Controlled Substances)**

The Grand Jury charges:

1. Between in or about October 2016 up to but not including on or about May 24, 2023, in the Southern District of New York and elsewhere, DWAYNE JOHNSON, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together with each other to violate the controlled-substance laws of the United States.

2. It was a part and an object of the conspiracy that DWAYNE JOHNSON, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 1,000 kilograms and more of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Murder By Firearm in Furtherance of Drug Trafficking)

The Grand Jury further charges:

4. On or about May 29, 2017, in the Southern District of New York and elsewhere, DWAYNE JOHNSON, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and in the course of that crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, to wit, JOHNSON fatally shot Shaniece Harris in a residence located in the vicinity of 5 Maple Tree Lane, Monticello, NY in retaliation for Harris's loss of JOHNSON's marijuana.

(Title 18, United States Code, Section 924(j).)

### SPECIAL FINDINGS REGARDING THE MURDER OF SHANIECE HARRIS

5. Count Two of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Two, alleging the murder of Shaniece Harris during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States and through the use of a firearm, the defendant DWAYNE JOHNSON:

    a. was eighteen years of age or older at the time of the offense;

    b. (i) intentionally killed the victim, (ii) intentionally inflicted serious bodily injury that resulted in the death of the victim, (iii) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act, and (iv) intentionally and specifically engaged in an act of violence,

2

knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(A)-(D));

    c.  was previously convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in Section 921) against another person, to wit, May 2004 convictions for Assault in the First Degree-Discharge of a Firearm in violation of Connecticut General Statute Section 53a-59(5), and Robbery in the First Degree-Deadly Weapon, in violation of Connecticut General Statute Section 53a-134(a)(2); and

    d.  was previously convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person, to wit, (1) a January 1996 conviction in Westchester County Court for manslaughter in the second degree: recklessly causes death, in violation of New York Penal Law Section 125.15(1), for which he received a five-year term of probation, and (2) May 2004 convictions for Assault in the First Degree-Discharge of a Firearm in violation of Connecticut General Statute Section 53a-59(5), and Robbery in the First Degree-Deadly Weapon, in violation of Connecticut General Statute Section 53a-134(a)(2).

    (Title 18, United States Code, Sections 3591(a)(2), 3592(c)(2), 3592(c)(4)).

## COUNT THREE
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury further charges:

    6.  On or about May 24, 2023, in the Southern District of New York and elsewhere,

DWAYNE JOHNSON, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

7. The controlled substance involved in the offense was marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).)

## COUNT FOUR
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

8. On or about May 24, 2023, in the Southern District of New York and elsewhere, DWAYNE JOHNSON, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Three of this Indictment, knowingly used and carried multiple firearms, to wit, (1) a black, CMMG, model MK-4 5.7 mm, which is a short-barreled rifle ("Firearm-1"); (2) a black DPMS, model A15, .223 caliber, which is a short-barreled rifle ("Firearm-2"); and (3) a grey, Imperial Arms, model Effen 90, 5.7 mm, which is a short-barreled rifle ("Firearm-3"), and in furtherance of such crime, possessed firearms, and aided and abetted the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(i), and 2.)

## COUNT FIVE
### (Unlawful Possession of Firearms and Ammunition)

The Grand Jury further charges:

9. On or about May 24, 2023, in the Southern District of New York, DWAYNE JOHNSON, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess firearms and

ammunition, to wit, (1) Firearm-1; (2) Firearm-2; (3) Firearm-3; (4) a Magnum Research, model Desert Eagle, .357 Mangum pistol ("Firearm-4"); (5) an FN Herstal, model Five Seven, 5.7 mm pistol ("Firearm-5"); (6) an HS Produkt, model Hellcat, 9 mm pistol ("Firearm-6"); (7) a Kahr, model P40, .40 caliber pistol ("Firearm-7"); (8) multiple cartridges of FN Herstal brand 5.7 mm ammunition; and (9) multiple cartridges of Winchester brand 5.56mm ammunition, among other firearms and ammunition, and the firearms and ammunition were in and affecting interstate commerce.

(Title 18, United States Code, Sections 922(g)(1).)

## FORFEITURE ALLEGATIONS

10. As a result of committing the offenses alleged in Counts One and Three of this Indictment, DWAYNE JOHNSON, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property:

- 5 Maple Tree Lane, Monticello, NY 12701
- 7 Maple Tree Lane, Monticello, NY 12701
- Black Ford F-15 with VIN# 1FTFW1ED3NFA94650
- $5,200 in United States currency seized on or about May 24, 2023, from the Defendant's residence in Monticello, NY;
- $1,711 in United States currency seized on or about May 24, 2023 from the Defendant at the time of his arrest in Monticello, NY;

- Miscellaneous Jewelry seized on or about May 24, 2023 from the Defendant's residence in Monticello, NY, including but not limited to the following:

    - One (1) gentlemen's 14K yellow gold diamond ring;

    - One (1) gentlemen's 18k yellow gold and stainless steel "Rolex" 41mm watch, Datejust model number 116333;

    - One (1) gentlemen's 10k yellow and white gold 24" Cuban link chain with diamonds;

    - One (1) gentlemen's 14k yellow gold 10" Cuban link bracelet with diamond clasp;

    - One (1) gentlemen's 14k yellow gold 3" circular "Last Supper" diamond medallion;

    - One (1) gentlemen's 10k yellow and white gold 8/34" 12mm wide Cuban link bracelet with diamonds;

    - One (1) pair of 14k yellow gold diamond threaded post stud earrings with diamonds;

    - One (1) 14k white gold diamond ring, containing center round brilliant cut diamond;

    - One (1) gentlemen's 14k yellow gold diamond ring, square shaped top with diamonds;

    - One (1) gentlemen's 14k yellow gold diamond Rolex logo ring with round full cut diamonds;

    - One (1) 14k yellow gold 2" diamond cross containing 70 prong set round full cut diamonds; and

    - One (1) gentlemen's 14k yellow gold 32.5" chain with diamond clasp;

11. As a result of committing the offense alleged in Count Five of this Indictment, DWAYNE JOHNSON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

- Firearm-1

6

- Firearm-2
- Firearm-3
- Firearm-4
- Firearm-5
- Firearm-6
- Firearm-7
- FN Herstal, model PS90, 5.7 mm rifle
- Smith & Wesson, model 60, .38 revolver
- Privately Made Firearm (PMF) with black slide and red frame, 9mm pistol
- Bushmaster, Carbon-15 .223 rifle
- Glock, model 21, .45 caliber pistol
- Polymer 80 PMF, model PF940C, 9mm pistol
- Smith & Wesson, model 69 Combat Magnum, .44 Magnum caliber revolver
- SWD, M-11/9, 9mm pistol
- PMF AR Rifle, model 117 Freedom, 5.56mm rifle
- Derya Arms, model VR80, 12-gauge shotgun
- Anderson Manufacturing, model AM-15, .223 caliber rifle
- Century Arms, model AKMS, 7.62mm rifle
- Aero Precision, model M5, rifle
- Ruger, model Super Black Hawk, .44 Magnum revolver
- Savage, model AXIS, 30-06 caliber rifle
- Keltec, model KSG, 12-gauge shotgun,
- Anderson Manufacturing, model AM-15 rifle

- Remington, model 70 BDL, .308 rifle
- Smith & Wesson, model 4006, .40 caliber pistol
- Ruger, model SRC40C, .40 caliber pistol
- Ruger, model 10/22, .22LR caliber rifle
- Smith & Wesson, model T/C Arms Venture, .308 caliber rifle

### SUBSTITUTE ASSET PROVISION

12. If any of the above-described forfeitable property, as a result of any act or omission of DWAYNE JOHNSON, the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney

8